OPINION
PER CURIAM.
Zhenguo Huang petitions for review of the Board of Immigration Appeals’ (“BIA”) February 20, 2009 decision denying his motion to reopen his removal proceedings. For the reasons that follow, we will deny the petition.
I.
Huang, a native and citizen of the People’s Republic of China, entered the United States in October 2004. A few days after his arrival, he was placed in removal proceedings for having entered the United States without being admitted or paroled. *328 He conceded removability and, in September 2005, applied for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In support of his application, he argued that he feared returning to China because, in 2003, he got into an altercation with village officials when they came to his house to forcibly abort his mother’s pregnancy. After a hearing on the merits, the Immigration Judge (“IJ”) denied Huang’s application in June 2006. The BIA affirmed on appeal in May 2008, and Huang did not petition this Court to review the BIA’s decision.
In September 2008, more than ninety days after the BIA’s decision, Huang moved the BIA to reopen his removal proceedings based on a new claim for relief.[1] He alleged that, in 2007, he began practicing Falun Gong and participating in protests and rallies in support of Falun Gong. He claimed that visitors from China saw him participating in a Falun Gong demonstration in New York City and later informed officials in his home village in China. In the summer of 2008, the Village Committee from his village issued a warning notice to his parents, ordering Huang to stop practicing Falun Gong and return to China to “accept punishment.” (Admin Rec. at 47.)
In February 2009, the BIA denied Huang’s motion to reopen. The BIA, which assumed without deciding that Huang’s motion was timely, held that he had failed to make a prima facie showing that he was entitled to relief. The BIA concluded that the warning notice’s reference to “punishment” was vague, and that the other materials submitted by Huang-failed to “provide any reasonably specific information that this particular respondent would suffer any harm that would rise to the level of persecution or torture upon his repatriation.” (BIA Decision at 2.) The BIA also noted that Huang had failed to demonstrate that the Village Committee had authority to discipline individuals suspected of practicing Falun Gong. Huang now petitions this Court to review this most recent BIA decision.[2]
II.
In a motion to reopen, an alien must make a prima facie showing that he is entitled to asylum or similar relief. See Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir.2004); Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir.2002). That is, he must “produce objective evidence showing a reasonable likelihood that he can establish [that he is entitled to relief].” Sevoian, 290 F.3d at 175 (internal quotation marks and citation omitted). When the BIA concludes that an alien has failed to make a prima facie showing, we review the BIA’s findings of fact for substantial evidence and the BIA’s ultimate decision to deny the motion to reopen for abuse of discretion. Id. at 174. Under the substantial evidence standard, we must uphold the BIA’s factual findings, including conclusions regarding evidence of persecution, “ ‘unless the evidence not only supports a contrary conclusion, but compels it.’ ” Wong v. Att’y Gen. of U.S., 539 F.3d 225, 230 (3d Cir.2008) (quoting Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir.2001)). Under the abuse of discretion standard, we must uphold the BIA’s ultimate decision unless it is “ ‘arbitrary, irrational, or contrary to law.’ ” Sevoian, 290 F.3d at 174 (quoting Tipu v. INS, 20 F.3d 580, 582 (3d Cir.1994)).
*329 The BIA did not abuse its discretion in denying Huang’s motion to reopen. The substantial evidence supports the BIA’s finding that the materials submitted in support of the motion failed to “provide any reasonably specific indication that this particular respondent would suffer any harm that would rise to the level of persecution or torture upon his repatriation.” The Village Committee’s warning notice stated merely that Huang would face “punishment” and that he would be arrested if he did not return to China to accept such punishment. Moreover, although Huang’s mother’s affidavit averred that he would be “jailed,” she did not provide any detail indicating that the Chinese government’s alleged future conduct would rise to the level of persecution or torture. See Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir.1993) (stating that “the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional”).
Although the U.S. State Department’s 2007 Profile on China referenced reports that some Falun Gong practitioners have been “confined in reeducation-through-labor camps and high-security psychiatric hospitals for the criminally insane,” (Admin. Rec. at 68), the record here does not suggest, let alone compel, a finding that Huang himself might suffer such a fate. Indeed, as the BIA observed, there is doubt as to whether the Village Committee would even have the authority to punish him. An appendix to the Profile concerning China’s family planning policies described a villagers’ committee as “an autonomous society composed of villagers” that “does not have the right to make decisions on family planning disposition.” (Id. at 119.) Huang did not establish that a villagers’ committee should be viewed differently here.
In light of the above, we will deny Huang’s petition for review.

. Huang's counsel requested that the BIA construe the motion as timely filed, averring that the delay in filing the motion was due to an error made by his assistant.

. We have jurisdiction over Huang's petition pursuant to 8 U.S.C. § 1252(a)(1).